**SMITH, Plaintiff-Appellant, v. TORBETT, Defendant-Appellee.**

Ohio Appeals, Second District, Fayette County.

No. 289. Decided October 29, 1956.

Reed M. Winegardner, Washington C. H., Richard Huggard, Columbus, for plaintiff-appellant.

Richard P. Rankin, Rollo M. Marchant, Washington C. H., for defendant-appellee.

## OPINION

By HORNBECK, J.:

The appeal is from a judgment for the defendant on a verdict of a jury. The action was for damages for personal injuries sustained by plaintiff when struck by an automobile driven by the defendant.

Five errors are assigned:

1. Refusal of trial court to give plaintiff's special request to charge Nos. 1 and 2, before argument.

2. The Court erred in the general charge to the jury.

3. The Court erred in overruling plaintiff's motion for judgment notwithstanding the verdict.

4. The Court erred in overruling plaintiff's motion for a new trial.

5. Other errors apparent on the face of the record.

Without comment we hold against the appellant on assignments Nos. 3 and 5.

We first consider the assignment, No. 2, relating to the general charge of the Court to the jury as we consider it the most meritorious of the claims of appellant.

The pertinent facts are that the accident happened on State Route 35, a short distance southeast of Washington C. H. Route 35 extends in a north-westerly and a south-easterly direction. The plaintiff lived about a mile south of Washington C. H., left there about 2 a. m. on

December 30, 1950, and started to walk to the southeast toward her home moving on the left side of the highway. The defendant, driving an automobile, was travelling in the same direction. A short time before his car struck the plaintiff he had been driving on his right side of the road; desiring to pass the automobile ahead of him, turned to his left and onto the easterly side of the highway. At about the time he was in the act of completing his turn to the right, passing the automobile ahead, he struck the plaintiff.

The negligence charge against the defendant was that he operated his automobile to the left of the center of State Route 35; failed to have his automobile under control; failed to stop, check the speed or divert the course of the automobile he was operating.

Defendant, in his answer, after a general denial of any negligence on his part, averred that there was a useable path alongside and parallel to State Route 35, that the injuries of which plaintiff complains were caused solely and directly by her negligence, in that she walked upon the travelled portion of the highway when there was a useable path parallel with the highway, without exercising ordinary care for her own safety.

The second assignment of error directed to the general charge is divided into three sub-headings:

(A) In charging on contributory negligence, when there was no evidentiary basis for such charge.

(B) In charging that if defendant's assured clear distance ahead, was cut down by the sudden entrance of plaintiff within such assured clear distance ahead, that defendant was relieved from the duty of complying with the assured clear distance ahead statute, for the reason that there was no evidentiary basis for such charge.

(C) In charging that the jury should take the law as given it in a special instruction given before argument, together with the general charge.

(A) and (C) are not well-made. The basis of (C) is that the court having given no special instruction, it was erroneous and prejudicial to say to the jury that it should take the law as given it in the special instruction given before argument, together with the general charge. This was an inadvertence but it could not conceivably have been prejudicial to the plaintiff.

(A) Contributory negligence in one aspect of the facts developed was an issue, whether or not the plaintiff under all the circumstances appearing exercised ordinary care for her own safety in walking where the jury may have found she was walking, in view of the darkness of the night, her physical condition, her knowledge that automobiles might be coming toward her from in front or from the direction in which she was walking and the possibility that because of her wearing apparel, dark in color, she might not be visible to an on-coming motorist in time to prevent injury to herself.

(B) is directed to the charge of the court on the assured clear distance ahead statute.

The principal controversy between the parties related to the place

on the highway where the plaintiff was struck. Upon the facts as developed by both parties the plaintiff was at all times pertinent to the issues walking in the highway, §4511.01 (Z) R. C., although upon plaintiff's claim not in the roadway. Sec. 4511.01 (C. C.) R. C. The plaintiff claimed and testified that at all times for a considerable distance (225 feet) before she was struck, she had been walking on the berm, or in the gravel, to the left of the travelled portion of the highway.

The Court charged that, as a matter of law, there was no useable walk or pathway provided parallel to the highway. Defendant claimed and testified that as he passed the automobile ahead of him he first saw plaintiff, when she was but three feet in front of his automobile and when struck, she was four feet to the right of the east edge of the paved surface. But defendant also testified that after the collision, the body of plaintiff was lying, roughly, two feet east, or to the left side of the hard surface of the road. Defendant was supported, in his contention, that the plaintiff was struck immediately after he had passed the automobile ahead of him, and when he was turning to the right to avoid collision with plaintiff. Defendant says the front left fender of his car struck plaintiff. His witness says that in his opinion, it was the left rear fender that struck her.

In the situation thus developed, the trial judge charged the jury as follows:

Fourth Specification of Negligence

"Defendant failed to stop, check the speed or divert the course of the automobile he was operating so as to avoid colliding with the plaintiff."

"The Court says to you, as a matter of law, that §6307-21 GC, was then in full force and effect and provides in part that no person shall drive a motor vehicle at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. If you find from a preponderance of all the evidence that defendant operated his automobile at a greater speed than would permit him to bring it to a stop within the distance between his automobile and a discernible pedestrian obstructing his path or line of travel, you would find defendant guilty of negligence as a matter of law. **But if you find that defendant's assured clear distance ahead was, without his fault, cut down or lessened by the sudden entrance of a pedestrian within such clear distance ahead and into his path or line of travel and by which defendant was rendered unable, in the exercise of ordinary care, to avoid colliding with such pedestrian, then you are instructed that the defendant was relieved of or excused from the duty to comply with the assured clear distance ahead statutory provision and would not in such event be chargeable with negligence under the provisions of said statute.** (Emphasis ours.)

"The court says to you that it is a question of fact, as to what the assured clear distance ahead is or was under the circumstances then and there existing. * * * As the court has already stated to you, the assured clear distance ahead provision of the statute does not apply if the assured clear distance ahead is cut down or lessened, without the driver's fault, by the entrance within such assured clear distance ahead

into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding with such obstruction. In other words, the assured clear distance ahead provision of the statute would not apply if there was the sudden entrance of a person into the line of travel of the driver, cutting down his previous assured clear distance ahead, so that in the exercise of ordinary care he had neither the space nor opportunity to stop his automobile before colliding with such person."

There is no doubt about the correctness of the court's charge respecting the conditions under which a driver is absolved from liability under the assured clear distance ahead statute. As early as 1936, this court in one of the earliest cases involving the question, **Proctor v. White, 22 Abs 115,** in the first headnote, said:

"1. The 'assured clear distance ahead' statute, §12603 GC, applies to anything in the line of vision to the motorist in the assured clear distance ahead which is static or present long enough for him to observe it and stop his car, but has no application to a movement by a person into the line of vision of a motorist so suddenly that in the exercise of ordinary care he has neither the space nor opportunity to stop his car."

The Supreme Court in several cases subsequent to Proctor v. White has said substantially the same thing. **Erdman v. Mestrovich, 155 Oh St 85; Sherer v. Smith, A Minor, 155 Oh St 567** and **McFadden, Admx. v. Breuer Transportation Co. et al, 156 Oh St 430.**

The appellant does not question the correctness of the principle of law announced in the general charge, but insists that there was no evidence to which the jury could apply the exception to the statute which the court charged. We are of opinion that the contention of the appellant is sound.

We have heretofore stated the testimony concerning the position of the plaintiff at the time when she was struck. She says that at all times, for a distance of more than seventy yards prior to the time of the impact, she was walking in the same place on the highway and that this place was off the edge of the improved portion thereof. The defendant says that plaintiff was walking in the improved portion. He does not say that she suddenly entered that part of the highway, nor does the answer specifically so aver. The only other witness on the subject says nothing whatever to the effect there was any sudden entrance into the travelled portion of the highway. To draw that conclusion requires too many inferences.

The second syllabus of the leading case on the subject in Ohio, **Sobolovitz v. The Lubric Oil Co., 107 Oh St 204,** says:

"2. An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence."

The only basis whatever upon which it could be inferred that there was a sudden entrance into the highway by the plaintiff was the testimony that the defendant did not see her until he was within three feet of her, but this is not sufficient to predicate the affirmative showing there was a sudden and unexpected entrance into his line of vision. The range

of his vision **after he entered the left side of the highway** does not appear. (Emphasis ours.)

In all the cases on the subject wherein the exception has been given application there was express testimony or such testimony as that a clear inference could be drawn that there was a sudden, unexpected movement of the object struck by the motorist into his line of assured clear distance ahead. The court, having charged on the subject, the jury had the right to believe that there was evidence from which it might be inferred that the exception could be given application. Not only was the charge on the subject given once, but the court repeated it. It was erroneous and prejudicial.

The assignment of error related to the special charges is directed to charges Nos. 1 and 2 requested to be given by the plaintiff before argument. No. 1 is:

"In the absence of a useable walk or path parallel to Ohio State Route No. 35 at the place where the collision described in the petition occurred, the plaintiff was entitled by law to walk along or upon the travelled portion of Ohio State Route No. 35 and was required to face approaching traffic."

The Court refused to give the instruction for two reasons: (1) that it was not an accurate statement of the law. This is sound because the special charge omits a material part of the statute "and shall exercise due care to avoid approaching traffic." (2) "that the proposition is covered by the court in its general charge in detail." This latter reason was not sufficient to justify the refusal to give the charge if it had application to the issues and stated a correct principle of law. In such a situation, the court is required to give the special charge requested before argument and a refusal to do so is prejudicial error. **Chesrown v. Bevier, 101 Oh St 282; Payne, Director General of Railroads v. Vance, 103 Oh St 59; Washington Fidelity National Insurance Co. v. Herbert, 125 Oh St 591.**

Special Request No. 2 reads:

"The plaintiff was entitled to assume, until such time as she had actual notice or knowledge to the contrary, that operators of automobiles travelling in a southerly direction on U. S. Route 35, including the defendant would operate such automobile in a careful and lawful manner, and action by her in accordance with such assumption was not negligence on her part."

The court gave this instruction in the general charge substantially as tendered with the omission of the term "actual notice." Inasmuch as "actual notice" and "knowledge" are connected by the conjunction, "or," it is our judgment that it would not have been prejudicial or improper to have given this charge as tendered. Even though "actual notice" would be too severe a requirement to justify the assumption of the lawful conduct of defendant, knowledge is not so qualified and if it was express or constructive, it would answer the meaning of the instruction.

Because there may be another trial of this case, we make some observations which may be helpful although they are not responsive to

any error assigned, but one of them emphasizes the error in the charge as to the assured clear distance ahead statute. The general charge carried this language:

"The court says to you that no testimony was introduced to show that the left side, or northeasterly lane, of said highway was not clearly visible to the defendant, or that it was not free of oncoming traffic for a sufficient distance ahead of defendant's automobile to permit such overtaking and passing to be completely made without interfering with the safe operation of any traffic approaching from the opposite direction **or any traffic overtaken**; and the court says to you that, in the absence of such testimony, the jury shall ignore and disregard said first specification of negligence as set forth in plaintiff's petition." (Emphasis ours.)

The first specification of negligence was that the defendant operated the automobile he was driving to the left of the center of Ohio State Route 35. This charge, in our judgment, removes from plaintiff any benefit of the assured clear distance ahead statute and ignores the testimony of the defendant that as he was about to pass the automobile ahead of him, he saw the plaintiff in his line of travel. If so, there was "traffic" to be overtaken in his line of travel and it was improper to say to the jury, there was no such traffic under the evidence. Also, upon the plaintiff's testimony, she was in the highway and should be considered "traffic" to be overtaken by the defendant toward whom he owed the obligation which the court had charged.

The court gave a complete charge stating the issues and giving instructions on every aspect of the case. It was exceptionally comprehensive and, in the main, correct.

The court very properly charged the burden of proof respecting the negligence of the defendant and contributory negligence of the plaintiff and the conditions under which the plaintiff could or could not recover. But, at almost the end of the charge, the court inadvertently made this statement; after saying that if the jury found that both the plaintiff and defendant were negligent and that the negligence of each combined as a proximate cause to induce the injury, verdict should be for the defendant, said:

"On the other hand, if after a full and fair consideration of all of the evidence you find that the defendant was negligent and that such negligence was the proximate cause of the injury and damage to the plaintiff, then the plaintiff is entitled to recover from the defendant such sum of money as will compensate plaintiff for whatever injury or damage the evidence shows she sustained, not exceeding, of course, the amount claimed in her petition."

This portion of the charge omits the element of contributory negligence which would only occur if and when the jury first found that the defendant was negligent. No doubt, this was an inadvertence on the part of the trial judge.

For the reasons stated this cause is reversed and remanded.

MILLER, PJ, WISEMAN, JJ, concur.